852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Murray OHIO
v.
AB ELECTROLUX.
 No. 88-5570.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 
 1
 Judge Merritt delivered the ruling from the bench on May 27, 1988.
 
 
 2
 The Court is ready to rule on the motion for injunctive relief pending appeal. There is a court reporter present, and if the parties need a transcript of the proceedings that will be available upon request of the court reporter. The Court is unanimously of the view that the injunction pending appeal should be denied. We find that Judge Wiseman was correct in finding diversity jurisdiction under Sec. 1441(c) on the basis that the two claims in the original state court proceeding are separate and independent. We have here a classic sort of case of an in-state plaintiff suing an out-of-state defendant--in this case an out-of-country defendant--with the possibility of strong community or local sentiment being present. If diversity jurisdiction were designed for any purpose it was designed to counteract that and to give the courts of the nation jurisdiction in such cases. So the original purpose of diversity jurisdiction is present and is served by the federal court assuming jurisdiction. We recognize that there are other arguments than 1441(c), but we do not think that the District Court was incorrect in its ruling on that question. We do not see that there is a likelihood of success by plaintiff on the question of the District Court being in error on that question.
 
 
 3
 We come then to the merits of the case. We think that the legal principles applied by the District Court were correct: that an agent, in this case a law firm, which has first acted for one client and received confidential information and then acted for a successor principal should not have its conflict of interest or the confidential information obtained in the first representation imputed to or attributed to the successor principal unless the successor principal upon learning of the agent's conflict acts unreasonably to use that information to the detriment of the prior principal. And as Judge Wiseman found we do not think that the defendant Electrolux, once it learned of the conflict, acted unreasonably in questioning its agent or in within a very short period of time seeing that the agent was discharged. Some knowledge by the successor principal of the conflict and of the information is necessary and some unreasonable conduct on the part of the successor principal to appropriate the information wrongfully thereafter is necessary. That is the state of the common law as we understand the Restatement of Agency, Sec. 312. That is basically the principle that Judge Wiseman applied, and we do not find that he abused his discretion or erred in refusing to issue an injunction on the basis of the application of that principle to the facts of this case.
 
 
 4
 On the question of whether the law should be changed or should be expanded to adopt a principle that a tender offeror has an initial duty to act to question its agent with respect to possible conflict, if the law should go in that direction, it will have to be after serious deliberation and careful understanding of the nature of the markets in question and of the customs of the investment community and we are not by any means ready today to adopt such a principle. Only after full briefing of the case and full review of that possibility should the Court act to adopt such a broad new principle. That is not to say that after deliberation it should not do so, but we are not in position today to say that there is a likelihood of success on the merits for this plaintiff relying on such an expanded principle as that. So having found that Judge Wiseman did not abuse his discretion with respect to his determination of jurisdiction and that he did not abuse his discretion in the principle which he adopted or the application of that principle to the facts of this case, we would affirm Judge Wiseman's judgment in the sense that we should not today issue an injunction enjoining the tender offer pending appeal. We conclude that Judge Wiseman's Findings of Fact then were not clearly erroneous on this issue and that he did not misapply the law, and we therefore reach our conclusion on that basis.
 
 
 5
 My colleagues may have something to add or subtract from what I said. Judge Martin?
 
 
 6
 Judge Martin: I have nothing further but that I concur.
 
 
 7
 Judge Milburn?
 
 
 8
 Judge Milburn: I concur. I would say that although Judge Wiseman may not have expressly relied upon 1441(c) that we can clearly affirm on that basis. I concur in all that has been said by Judge Merritt.
 
 
 9
 Judge Merritt: With that, the Court will stand adjourned.